UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ZANE A. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-261-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNIVERSITY OF THE | ) | **MEMORANDUM OPINION** |
| CUMBERLANDS, INC., | ) | **AND ORDER** |
| | ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Zane Parker alleges that he was brutally assaulted and robbed on campus while attending the University of the Cumberlands ("the University"). Parker contends that the University failed to provide a safe environment and breached various express and implied contracts. [Record No. 1] Parker's claims are based, in large part, on his allegation that he was assaulted by Devin Preyer and Davonte Rozier. According to the Complaint, Rozier was a student at the University and Preyer had recently been expelled, but "remained a fixture" on campus. *Id.* at p. 4. It is alleged that Preyer and Rozier had a history of violence and "openly flaunted their violent tendencies." *Id.*

Parker did not name Preyer and Rozier as defendants. However, the University was granted leave to file a Third Party Complaint in which it asserted claims for indemnity and apportionment against Preyer and Rozier. [Record No. 17] This matter is pending for consideration of Parker's motion to strike the Third Party Complaint. [Record No. 20] For the reasons that follow, the motion will be denied.

Rule 14(a) of the Federal Rules of Civil Procedure provides that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Indemnity is available to a party exposed to liability based on the wrongful act of another "with whom he/she is not *in pari delicto*." *York v. Petzl Am., Inc.*, 353 S.W.3d 349, 353 (Ky. Ct. App. 2010) (quoting *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000)).  Indemnity is a limited doctrine, but may apply where "both parties have been in fault, but not in the same fault . . . and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury." *Degener*, 27 S.W.3d at 780 (quoting *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (Ky. 1934)).  The University claims that any liability it may have to the plaintiff is based on the intentional acts Preyer and Rozier.  Accordingly, the Third Party Complaint states a plausible claim for relief.  *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Parker has failed to identify persuasive authority supporting the proposition that the University must wait until its liability is established to bring an indemnity claim against Preyer and Rozier.  *See Degener*, 27 S.W.3d at 777, 781 (approving Hall's third-party complaint for indemnity for any amounts which it *might* be required to pay injured officers).  He also has not shown that the University's third-party claims should be tried separately.  The decision regarding whether to bifurcate a trial is based on the specific facts of the case, but courts must consider convenience, judicial economy, and prejudice to the parties.  Fed. R. Civ. P. 42(b); *In re Bendectin Litigation*, 857 F.2d 290, 307 (6th Cir. 1988).  Parker did not attempt to develop an argument that separate trials are warranted and, therefore, the request will be denied. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to

mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

The parties agree that apportionment is not a substantive cause of action. [Record No. 25, p. 6]  Nevertheless, defendants are sometimes permitted to implead third parties by asserting claims for apportionment to ensure that liability is apportioned among all culpable parties. *See, e.g., Stanford v. United States*, 948 F.Supp.2d 729, 744 (E.D. Ky. 2013) (citing *Degener*, 27 S.W.3d at 779).  Based on the allegations in the Complaint and Third-Party Complaint, it appears that apportionment will be unavailable here, as there is no suggestion that the University acted in *pari delicto* with Preyer or Rozier.  *See Texas Capital Bank, N.A. v. First Am. Title Ins. Co.*, No. 3: 09-cv-661, 2012 WL 443460, at *2 (W.D. Ky. Feb. 10, 2012) (quoting *Deneger*, 27 S.W.3d at 778) (apportionment liability arises when joint tortfeasors' concurrent negligence is of "substantially same character").  However, the University has alleged a viable indemnity claim and dismissing or striking the Third Party Complaint based on the unavailability of apportionment is not an appropriate remedy.  Instead, the parties may address the issue through motions *in limine* or proposed jury instructions.

Based on the foregoing, it is hereby

**ORDERED** that the plaintiff's motion to strike [Record No. 20] is **DENIED**.

This 28th day of July, 2017.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge